## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER A. BAROSH,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 22-0769** |
| | : | |
| **MORRIS HOUSER, *et al.*,** | : | |
| **Defendants.** | : | |

## O R D E R

*Pro se* Petitioner Christoper A. Barosh has filed Objections to Magistrate Judge Reid's Recommendation that I dismiss his § 2254 Petition as untimely. (Doc. Nos. 12, 13.) I will overrule the Objections and adopt Judge Reid's Report and Recommendation.

## I.    BACKGROUND

In October 2005, Barosh set fire to his girlfriend's Philadelphia home—some 25 hours before the cancellation of the property's insurance policy. (Doc. No. 12 at 1.) Several witnesses saw Barosh leaving the property shortly before the fire erupted. Com. v. Barosh, No. 1103-EDA-2013, 2014 WL 10790208, at *2 (Pa. Super. Ct. Oct. 7, 2014). After the fire, Barosh made "two separate admissions of guilt." Id. First, he threatened to burn his brother's house down "like the house he burnt down in Philadelphia," describing how he would "take a wet 2 by 4 and jam it in a light socket until it sparked a flame . . . or use a flammable liquid or kerosene gas, whatever you use to remove paint or wallpaper from a house." Id. Second, he attempted to pay an acquaintance to provide him with an alibi for the time of the arson. Id. The eyewitnesses, brother, and acquaintance all testified at trial. Id.

In December 2012, a Philadelphia jury convicted Barosh of arson and insurance fraud. (Doc. No. 12 at 1.) He was sentenced to 9.5 to 22 years' incarceration. (Id.) The Superior Court rejected Barosh's direct appeal, and the Supreme Court denied allocatur. (Id.) Acting *pro se*,

Barosh sought PCRA relief.  See 42 Pa. Cons. Stat. § 9541 et seq.  (Id.)  At some point, Barosh was represented by counsel.  Before the PCRA Court issued a decision, Barosh appealed to Superior Court, which dismissed his claims as premature.  (Id. at 1–2.)  The PCRA Court then issued a Notice to Dismiss and—after Barosh filed two more premature appeals—formally dismissed his Petition.  (Id. at 2.)  The Superior Court affirmed, and the Supreme Court again denied allocatur.  (Id.)

In February 2022, Barosh, acting *pro se*, filed his first § 2254 Petition.  (Doc. No. 1.)  He subsequently filed two Amended Petitions.  (Doc. Nos. 5, 6.)

In April 2022, I referred this matter to Magistrate Judge Reid for a Report and Recommendation.  (Doc. No. 7.)  Respondents oppose relief.  (Doc. No. 11.)  Judge Reid recommends that I dismiss Barosh's Petition because he filed four months after AEDPA's one-year deadline.  See 28 U.S.C. § 2244(d)(1)(A).  (Doc. No. 12.)  Barosh filed Objections, and Respondents have responded.  (Doc. Nos. 13, 15, 17.)

## II.    LEGAL STANDARDS

I must review *de novo* those portions of the Report to which Barosh files timely, specific objections.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or part" Magistrate Judge Reid's findings or recommendations.  Id.; Brophy v. Halter, 135 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  I construe *pro se* submissions liberally.  Rainey v. Varner, 603 F.3d 189, 198–99 (3d Cir. 2010).

### III.    OBJECTIONS

#### A.    Equitable Tolling

Barosh argues that Judge Reid should have ruled that the AEDPA limitations clock was equitably tolled.  I disagree.

The limitations clock is tolled only if Barosh has shown: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010).  Although "[t]here are no bright lines in determining whether equitable tolling is warranted," courts must be "sparing in [its] use." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

Barosh offers: (1) restrictions placed on him as a parolee; (2) COVID-19 closures in Pennsylvania; (3) his long COVID; (4) his PCRA attorney's failure to inform him of the one-year statutory period; and (5) the Commonwealth's failure to provide him necessary records.  (Doc. Nos. 13 at 2–4, 15 at 2–4.)

Barosh does not explain how his parolee conditions—including "restrictions on movement, reporting requirements, and limitations on resources"—"affected" his ability to file.  (Doc. No. 13 at 6.)  Moreover, federal courts operated during COVID-19, and, in any event, this Court has determined that COVID-related closures are not extraordinary circumstances.  See Pace v. Irwin, No. 22-3050, 2022 WL 17812821 (E.D. Pa. Dec. 19, 2022).  Although Barosh describes being "incapacitated for a time" due to "long-COVID symptoms, including fatigue, difficulty concentrating, and respiratory problems," he does not provide detail as to how, when, or even to what extent these conditions prevented him from filing on time.  (Id. at 3.)  He thus does not show that his health "stood in his way and prevented timely filing."  Holland, 560 U.S. at 649.

As to his counsel's purported failure to inform him of the deadline, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise

to the 'extraordinary' circumstances required for equitable tolling." <u>Alvarado v. Adm'r New Jersey State Prison</u>, No. 16-3798, 2017 WL 4570462 (3d Cir. Sept. 11, 2017) (quoting <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001)).  Moreover, Barosh's "lack of legal knowledge or legal training does not alone justify equitable tolling." <u>Ross v. Varano</u>, 712 F.3d 784, 800 (3d Cir. 2013) (citing <u>Brown v. Shannon</u>, 322 F.3d 768, 774 (3d Cir. 2003)).

Finally, Barosh alleges that the DAO's failure to comply with a court order "created a further barrier to filing." (Doc. No 13 at 7.)  Liberally construed, it appears that this allegation refers to a protective order in a civil case that some of the witnesses in Barosh's criminal trial obtained against him in 2014. (<u>See</u> Doc. No. 6 at 26–35.)  Judge Reid determined that Barosh failed to "demonstrate any connection" between that order and "his failure to timely file the present petition." (Doc. No. 12 at 4–5 (citing <u>Bandy v. Wenerowics</u>, No. 13-673, 2013 WL 6231312 (E.D. Pa. Dec. 2, 2013) ("[p]etitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition") (internal quotations omitted).)  I agree with Judge Reid.

In sum, because none of these circumstances warrants equitable tolling, I will overrule Barosh's Objection.

### B.    Actual Innocence

Barosh argues in the alternative that Judge Reid should have excused his untimely filing because the actual innocence exception applies. (Doc. Nos. 13 at 4–5, 15 at 4–5.)  I disagree.

An actual innocence claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).  Barosh offers no new evidence.  Rather, he alleges that a private investigator's files that suggested some other cause for the fire were destroyed. (Doc.

4

No. 13 at 5.)  This allegation was properly addressed before and during trial.  <u>Barosh</u>, 2014 WL 10790208, at *16–17.  Moreover, the Superior Court rejected a similar version of this claim on direct appeal, finding that the files were "destroyed in accordance with standard company procedure and not in bad faith."  <u>Id.</u> at 17.

Accordingly, I will overrule this Objection.

\*                                          \*                                          \*

**AND NOW**, this 24th day of November, 2025, upon consideration of Magistrate Judge Reid's Report and Recommendation (Doc. No. 12), Petitioner's Objections (Doc. Nos. 13, 15), and Respondent's Response (Doc. No. 17), it is hereby **ORDERED** that:

1.    Petitioner's Objections to the Report and Recommendation (Doc. No. 13, 15) are **OVERRULED**;

2.    Magistrate Judge Reid's Report and Recommendation (Doc. No. 12) is **APPROVED** and **ADOPTED**;

3.    Petitioner's claims (Doc. Nos. 1, 5, 6) are **DISMISSED**;

4.    A certificate of appealability will not issue; and

5.    The Clerk of Court shall mark this case **CLOSED**.

                    **AND IT IS SO ORDERED.**


                    */s/ Paul S. Diamond*
                    _____
                    Paul S. Diamond, J.